IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE WILLOUGHBY, | ) | |
| Petitioner, | ) | No. C 07-6295 CRB (PR) |
| vs. | ) | ORDER OF DISMISSAL |
| NORM KRAMER, et al., | ) | (Doc # 3) |
| Respondent | ) | |

Petitioner is a convicted felon with a history of sex crimes dating back to the early 1980s. Shortly before he was scheduled to be released from prison for his most recent offenses, the State of California began seeking his civil commitment to a state mental health facility under California's Sexually Violent Predators Act, Cal. Welf. & Inst. Code § 6600, et seq. ("SVPA"). Pursuant to SVPA, the Superior Court of the State of California in and for the County of Alameda held a probable cause hearing on May 17, 2007 and determined that there is probable cause to believe that petitioner is a sexually violent predator likely to engage in sexually predatory criminal conduct without appropriate treatment in custody. The court then ordered that petitioner be detained in a secure facility until a trial on the matter is completed.

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging the constitutionality of the proceedings against him. Petitioner claims he was denied his due process rights because he was unlawfully detained past his scheduled parole date for the purpose of seeking his civil commitment under SVPA. Petitioner also seeks leave to proceed in forma pauperis (doc # 3), which, good cause shown, is GRANTED.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). Interference is appropriate only upon a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." Id. at 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied); Carden v. Montana, 626 F.2d 82, 84 (9th Cir 1980) (only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other special circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate). The policies underlying Younger are fully applicable to noncriminal judicial proceedings when important state interests are involved. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

Younger applies to the pending SVPA civil commitment proceedings against petitioner. The proceedings are judicial in nature, involve important state interests and afford petitioner an adequate opportunity to raise constitutional issues. See id. And, contrary to petitioner's suggestion, there is no showing of "extraordinary circumstances" such as the state's bad faith or harassment, or that SVPA, on its face or as applied to him, is "flagrantly and patently violative of express constitutional prohibitions." Younger, 401 US at 53-54. Petitioner's speculation of bad faith on the part of the state parole board, and disagreement with certain provisions of SVPA, are not enough to overcome the rationale for abstaining in this matter. See id. at 53-54; Carden, 626 F.2d at 84.

This is not a case in which the federal court decision petitioner seeks may, through issue or claim preclusion, simply influence the result in state court; rather, the relief petitioner seeks – a federal writ of habeas corpus – would inevitably interfere with the ongoing state court commitment proceedings. See Green v. City of Tucson, 255 F.3d 1086, 1094 (9th Cir. 2001) (en banc).

Under the rationale of Younger, the petition is DISMISSED without prejudice to refiling after SVPA commitment proceedings, including appeal, are completed.

The clerk shall enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED: Dec. 19, 2007

CHARLES R. BREYER
United States District Judge